ELLIS, Judge:
Joe Berry was injured on January 24, 1977, when he fell from a truck, breaking both wrists, and striking his face, which injured two teeth and caused some facial lacerations. Mr. Berry also contends that he injured his back in the fall. Since there is no disability resulting from the injuries to his arms and face, the only issue in the case is whether or not the back difficulty resulted from the fall.
After trial on the merits, the trial judge found no causal connection between the fall on January 24,1977, and the disability arising from his back problem. From the judgment dismissing his suit, plaintiff has appealed.
The records revealed that plaintiff was taken to a hospital in Pineville, Louisiana, after his accident. The records of that hospital reveal no back complaints. He was next seen by Dr. Lloyd G. Perez on January 26,1977, and was treated by him thereafter. Dr. Perez testified that Mr. Berry made no complaint of any back difficulty during the course of treatment, which continued until May 10, 1977, when Mr. Berry was discharged to return to work. Plaintiff was next seen by Dr. Thomas Campanella, an orthopedist, on May 12, 1977, and made no complaint of back injury to him.
The insurance adjuster who handled Mr. Berry’s case had no record of any back complaints from Mr. Berry.
On May 13, 1977, plaintiff was seen by Dr. G. Gernon Brown, an orthopedist, with the complaint of back pain. Dr. Brown found that plaintiff had a spondylolisthesis, which was symptomatic. Eventually, he performed a spinal fusion on plaintiff. He was of the opinion that plaintiff was permanently disabled to perform any work which involved any heavy lifting, stooping or bending.
Dr. Brown also testified that a back injury should manifest itself within a reasonable time after an accident, usually only a few days. Plaintiff and his lay witnesses all testified that he began having back trouble three or four days after the accident.
Plaintiff stated that he had told the adjuster about his back trouble in February, 1977, and that the adjuster told him to see Dr. Perez. Plaintiff said that he saw Dr. Perez the next day and that Dr. Perez examined him and told him there was nothing wrong with his back. Neither Dr. Perez nor the adjuster had any recollection or any record of these incidents.
We agree with the trial judge that plaintiff’s failure to complain of back pain to his treating physician, the insurance adjuster and Dr. Campanella, during a period of almost five months after the accident casts grave doubt on his claim that the back pain manifested itself within three or four days of the accident.
The trial judge specifically recognized that a credibility question was involved in the ease. It was his opinion that plaintiff had failed to prove a causal connection between the accident and the disability by a preponderance of the evidence. We have carefully reviewed the record, and note that the testimony of plaintiff and most of the lay witnesses is fraught with minor inconsistencies. We therefore find no manifest error in the trial judge’s conclusion.
The judgment appealed from is therefore affirmed at plaintiff’s cost.
AFFIRMED.